SABATINO DiSARRO *vs.* ANTONIO NERI *et al.*

MAY 17, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.   This is a bill in equity for the specific performance of a contract for the sale of real estate.  The cause was heard in the superior court on bill, answer and oral proof, and thereafter a decree was entered in that court in favor of the complainant.  From such decree respondents have appealed to this court.

Under their reasons of appeal respondents make two points: (1) The trial justice erred in finding that a memorandum in writing of the alleged agreement to sell was

sufficient to take it out of the statute of frauds. (2) He erred in granting an accounting for the rents and profits in the absence of a special prayer in the bill to that effect.

Complainant contends that the memorandum is clearly sufficient on its face but that, even if it is not, the agreement is otherwise enforceable because it has been partly performed by him. And he also contends that an accounting for rents and profits is proper under the prayer for general relief as rents and profits necessarily grow out of and are incidental to his right to the relief prayed for.

Complainant under oath alleged in his bill that respondents, on October 5, 1946, agreed to sell to him for $4900 a certain lot of land situate on the southerly side of Spruce street in the city of Providence laid out and designated as lot 32 on a certain plat recorded in the office of the recorder of deeds of said city on plat card 10 and further described by metes and bounds; that at the time of such agreement he paid to respondents $100 as a deposit and down payment on such purchase price; that he thereupon retained a title company to examine respondents' title and it was agreed that when such examination was completed the transaction of sale should be closed; that on November 12, 1946 said company notified complainant it had completed its examination and was ready to close the transaction; that complainant, on November 13, 1946, so notified respondents and they refused to complete the transaction; that complainant is ready, willing and able to carry out his part of their contract and that respondents continue to refuse to perform their part; and he further alleges that he has partly performed by making a deposit of $100, and that he is remediless at law and prays that respondents may be compelled to convey to him said described premises by a good and sufficient deed.

Respondents filed an answer, but not under oath, it being expressly waived by complainant, denying each and every allegation of the bill. At the hearing complainant made oral proof of the alleged agreement to sell, and introduced

in evidence as an exhibit a memorandum in writing of such agreement as follows:

"Oct. 5 1946

Received of Sabtina DiSarro

$100 $\frac{00}{}$          $\frac{xx}{100}$ Dollars

Sale of land and buildings located at 146 146½ Spruce st Sale price $4,900 net no brokers commission

$100 $\frac{00}{}$          (signed)    Antonio Neri

                             (signed)      Lucia Neri"

Complainant also proved by the testimony of an official of the title company who had charge of the examination of the title that the premises described in the bill were the subject of such examination and that they were the same premises described in the memorandum as 146 and 146½ Spruce street, and also that he had notified complainant on November 12, 1946 that the company was ready to close the transaction. Such testimony was admitted over respondents' objection. For proof of all other allegations complainant rested on his sworn bill.

At the conclusion of complainant's evidence respondents did not present any evidence but moved to dismiss the bill on the ground that the alleged memorandum was not sufficient to comply with the statute of frauds, and that there was no legal evidence that the real estate described in the bill was the real estate referred to in the alleged memorandum. This motion was denied and a decree entered in which the respondents were ordered to convey to complainant, by a good and sufficient warranty deed, the premises described in the bill; and the complainant was therein declared to be entitled to the rents and profits of said real estate from and after November 13, 1946, the amount thereof to be determined at a hearing if necessary.

Respondents contend that under the statute of frauds the memorandum is insufficient in that it fails to set forth

the essential terms and conditions of the alleged agreement. There is nothing therein, they argue, that describes the land referred to in the agreement, and that parol evidence is inadmissible to identify such land with the land situated at 146 and 146½ Spruce street referred to in the memorandum.

We are of the opinion that parol evidence was properly admitted to establish such identification. It is true that in *Ray* v. *Card*, 21 R. I. 362, cited by respondents, resort to such evidence for that purpose was refused but that was because the memorandum contained no description of the land in question but only the words "that lot" and nothing more. In that case it was acknowledged that parol evidence was admissible to fit the description in a memorandum to the particular land involved in an oral agreement but that such evidence was inadmissible where the memorandum contained no description whatever of the land in question.

On the other hand in *Sholovitz* v. *Noorigian*, 42 R. I. 282, where the memorandum referred to the land as situated "at 46 Blackstone Street" and it appeared that both parties lived in Woonsocket, parol evidence was allowed to show that a certain parcel of land situated in that city and the subject of the alleged agreement to sell was identical with that referred to in the memorandum. The court held that in such a case "if the description is definite though requiring extrinsic evidence to identify the land which it represents parol evidence may be received for that purpose." This court has also held that though the description of the premises be general, parol evidence is properly admitted to identify such description with that in the alleged agreement. *Corrado* v. *Montuori*, 49 R. I. 78. And to the same effect is *Preble* v. *Higgins*, 43 R. I. 10. It is clear, therefore, that though the alleged agreement to sell in the case at bar was not completely reduced to writing, there was nevertheless a sufficient memorandum thereof in writing to comply with the purpose of the statute of frauds. It is well settled

that such statute does not require a contract for the sale of land to be in writing. *Preble* v. *Higgins, supra.*

The cases cited by the respondents, which hold that the absence of terms with reference to a mortgage to be given by the vendee in part payment of the price is a fatal omission, are not in point. In each of those cases this court held that the contract could not be enforced because it provided for a purchase money mortgage to be given by the grantee but failed to set out the terms and conditions thereof. *Lee* v. *Stone,* 21 R. I. 123; *Fleming* v. *Hanley, Hoye & Co.,* 22 R. I. 251. Other cases cited by respondents are similar thereto. The agreement in the case at bar does not provide for the giving or taking of any mortgage in part payment of the sale price. The sale is strictly for cash and all the essential terms and conditions thereof are set out in the memorandum. Those terms are all that are required under the statute. The memorandum need not have the formal precision of a written contract. *Sholovitz* v. *Noorigian, supra,* at page 285.

The final question is whether the superior court erred in granting complainant an accounting for the rents and profits in the absence of a special prayer for specific relief of that nature. Such relief was granted under the prayer for general relief. In view of the nature of the main relief prayed for and the simplicity of the issue involved, namely, whether in equity and good conscience the real estate in question properly belonged after November 13, 1946 to the complainant, we think that an accounting for the rents and profits for the benefit of the complainant can, in the absence of any countervailing equities on behalf of the respondents, be fairly deemed incidental to the main relief and therefore properly allowable under the prayer for general relief. See *Bright* v. *James,* 35 R. I. 492. We would observe, however, that such accounting should be for net profits only, giving respondents credit for any necessary disbursements which they have made since November 13, 1946 and which ordinarily would have been chargeable to

the complainant if title had been conveyed to him on that date.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Robert T. Flynn,* for complainant.

*Frank W. Golemba,* for respondents.